Submitted on remand March 26, reversed and remanded  August 19, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHERYL ANN FOWLER,
*Defendant-Appellant.*

Douglas County Circuit Court
08CR2058FE; A143166

359 P3d 276

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the supplemental brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the opening brief for respondent. Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rolf C. Moan, Senior Assistant Attorney General, filed the supplemental brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

### ARMSTRONG, P. J.

This case is before us on remand from the Supreme Court, which vacated our decision in *State v. Fowler*, 245 Or App 502, 261 P3d 95 (2011), *vac'd and rem'd*, 356 Or 574, 342 P3d 87 (2014) (*Fowler I*), and ordered reconsideration based on a trio of recent decisions: *State v. Unger*, 356 Or 59, 333 P3d 1009 (2014); *State v. Lorenzo*, 356 Or 134, 335 P3d 821 (2014); and *State v. Musser*, 356 Or 148, 335 P3d 814 (2014). In *Fowler I*, we reversed defendant's conviction for possession of methamphetamine because we concluded that the trial court had erred in denying defendant's motion to suppress evidence derived from an unlawfully extended traffic stop. The Supreme Court thereafter issued its decisions in *Unger*, *Lorenzo*, and *Musser*, which modified the analytical framework used to determine whether a person's consent to a search was derived from unlawful police conduct. The state contends that, under the new framework, we should conclude on remand that defendant's consent was not the result of police exploitation of the unlawfully extended traffic stop. Defendant counters that the state is urging a basis for affirmance that was not raised below and that we should not consider for the first time on appeal. We agree with defendant that, if the state had raised below the argument that it raises now, the record might have developed differently and in a manner that could affect the disposition of the case. Consequently, we conclude that the alternative basis for affirmance that the state urges is not one on which we can rely to affirm the trial court's decision.

Officer LeDoux stopped defendant for a traffic violation and asked for defendant's driver's license, car registration, and insurance card. Defendant did not have an insurance card because the car that she was driving was not insured. Consequently, LeDoux impounded the car and, following his usual practice, asked defendant if she had any illegal weapons or items in the car or on her person. Defendant responded that she did not. Defendant's answer made LeDoux suspicious, however, because defendant glanced at her purse and at the driver's seat of her car as she answered the question. Those actions led LeDoux to believe that defendant had illegal items in her purse. Consequently, he asked defendant for consent to search her vehicle, person,

and purse. When he made that request, LeDoux had defendant's driver's license and all of the information that he needed to issue a citation for the traffic violation. Defendant consented to the search, which revealed methamphetamine in her purse and a glass pipe in her car that had traces of methamphetamine. Defendant was arrested and given *Miranda* warnings, after which she admitted that she had methamphetamine in her purse.

The state charged defendant with possession of methamphetamine. Defendant moved before trial to suppress evidence obtained during the traffic stop. Defendant contended that LeDoux had unlawfully extended the traffic stop when he asked her whether she had any illegal items with her and, in turn, for consent to search and, consequently, that her consent had been obtained in violation of Article I, section 9, of the Oregon Constitution.[1] The state responded that LeDoux had not unlawfully extended the stop and that defendant had voluntarily consented to the search. The state did not oppose the motion on the ground that, even if LeDoux had unlawfully extended the stop, defendant's consent did not derive from the unlawful extension of the stop. The trial court denied defendant's motion, concluding that LeDoux had not unlawfully extended the stop and that defendant had voluntarily consented to the search.

Defendant was subsequently convicted of possession of methamphetamine and appealed the resulting judgment of conviction. In *Fowler I*, we issued a per curiam opinion that reversed the trial court's denial of defendant's suppression motion. The Supreme Court granted review and remanded the case to us for further consideration in light of its decision in *Unger*. Under *Unger*, when a defendant has established that an unlawful stop preceded a consensual search, the state bears the burden of demonstrating that the consent was voluntary and was not the product of

---

[1] Article I, section 9, provides that

"[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

the unlawful police conduct. 356 Or at 74-75. The Supreme Court explained that courts must consider the totality of the circumstances in making those determinations, including the temporal proximity between the unlawful police conduct and the voluntary consent, the existence of intervening circumstances, the presence of circumstances that might mitigate the effect of the police misconduct, the nature of the misconduct, and the purpose and flagrancy of the misconduct. *Id.* at 79-81, 85-87.

The state concedes that the extension of the traffic stop was unlawful. We agree and accept the state's concession. However, applying the new *Unger* framework, the state contends that defendant's consent to search was not the product of the unlawful extension of the stop because the extension "did not directly reveal information that prompted the request for consent to search" and the unlawful conduct "was minimal in duration and severity."

Defendant notes that the state is effectively asking us to affirm the trial court on an alternative basis under the "right for the wrong reason" principle and that we can do that only if we conclude that the record before us is materially the same as the one that would have been developed had the prevailing party raised the alternative basis for affirmance below. *See, e.g., Outdoor Media Dimensions Inc. v. State of Oregon,* 331 Or 634, 659-60, 20 P3d 180 (2001) (stating that an appellate court can consider an alternative basis for affirmance only if (1) the evidentiary record is sufficient to support it, (2) the trial court's ruling is consistent with the view of the evidence under the alternative basis, and (3) the record is materially the same as the one that would have developed had the prevailing party raised the alternative basis below). Defendant contends that the record would have developed differently had the state raised the exploitation argument below, because she "likely would have developed more of a record about what defendant did during the period of her unlawfully extended seizure that prompted LeDoux to request consent to search." Consequently, she posits, we should not exercise our discretion to affirm the trial court on the alternative basis urged by the state. Defendant further contends that her consent was the product of the unlawful conduct because LeDoux asked for consent to

search for the purpose of discovering evidence of criminal activity unrelated to the traffic stop, and the unlawful police conduct occurred in close temporal proximity to the consent to search.

We agree with defendant that the record might have developed differently had the state contended at trial that defendant's consent was not the product of LeDoux's unlawful conduct. As defendant notes, had that argument been raised below, she would have sought to present evidence on whether there were any "objective circumstances, including verbal and nonverbal conduct, that [might] indicate whether police took advantage of the prior illegality to obtain defendant's consent." *Musser*, 356 Or at 158. Furthermore, the parties could have presented disparate views and evidence on the nature, severity, extent, and flagrancy of the police misconduct.

In sum, we decline to consider the state's alternative basis for affirmance because, had the state raised the exploitation issue with the trial court, the record might have developed differently. *Cf. State v. Heater*, 271 Or App 538, 351 P3d 776 (2015) (declining to consider lack of exploitation as alternative basis for affirmance where state made argument for first time on remand from Supreme Court following issuance of its decisions in *Unger, Lorenzo*, and *Musser*); *State v. Booth*, 272 Or App 192, 355 P3d 181 (2015) (same)). Because the evidence that defendant sought to suppress was the product of an unlawfully extended traffic stop, the trial court erred in denying defendant's suppression motion.

Reversed and remanded.